DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

KATHERINE L. WAWRZYNIAK (CABN 252751)
ANDREW F. DAWSON (CABN 264421)
AMIE D. ROONEY (CABN 215324)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    katherine.wawrzyniak@usdoj.gov
    andrew.dawson@usdoj.gov
    amie.rooney@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 19-377 WHA |
| Plaintiff, | STIPULATED INTERIM PROTECTIVE ORDER |
| v. | |
| ANTHONY SCOTT LEVANDOWSKI, | |
| Defendant. | |

WHEREAS during the course of discovery in the above-captioned criminal case, the United States may produce documents and other items containing information that is claimed by Google LLC ("Google") and its successor-in-interest Waymo LLC ("Waymo"), to be confidential, proprietary, or trade secret information, for which special protection under 18 U.S.C. § 1835(a) and Fed. R. Crim. P. 16(d) may be warranted; and

WHEREAS the United States and defendant ANTHONY SCOTT LEVANDOWSKI ("THE DEFENDANT") deem it appropriate for the purpose of facilitating pretrial negotiations and to provide

STIPULATED INTERIM PROTECTIVE
ORDER
CR 19-377 WHA

    1

for the protection of such information without agreeing between them that the specific information is in fact confidential, proprietary, or is a trade secret, and with the further understanding that nothing in this Stipulated Interim Protective Order creates any presumption regarding whether the specific information is confidential, proprietary, or is a trade secret, and lastly preserving THE DEFENDANT'S rights to challenge any such designation at a later time;

IT IS HEREBY STIPULATED AND AGREED by and between the United States and THE DEFENDANT and his counsel that the following definitions and procedures will govern the designation and handling of material and other information produced by the United States during pretrial negotiations, while reserving the question of how such material and information should be handled at trial, and during pre-or post-trial hearings for a future time.

1. **Definitions**:

   a. "Protected Material" shall mean "Confidential Material," "Highly Confidential Attorneys' Eyes Only Material," and/or "Highly Confidential Source Code Material."

   i. "Confidential Material" shall mean confidential or proprietary business information, including financial information, compensation information, and technical information.

   ii. "Highly Confidential Attorneys' Eyes Only Material" shall mean extremely sensitive Confidential Material, consisting of information that the United States contends is intended to be kept secret or is a trade secret within the meaning of 18 U.S.C. § 1839(3), disclosure of which to THE DEFENDANT or any non-party outside of counsel's supervision would create a substantial risk of serious harm that could not be avoided by less restrictive means.

   iii. "Highly Confidential Source Code Material" shall mean extremely sensitive Confidential Material, consisting of information that the United States contends represents computer code and associated comments and revision histories that define or otherwise describe in detail the algorithms or structure of software designs, disclosure of which to THE DEFENDANT or any non-party outside of counsel's supervision would create a substantial risk

of serious harm that could not be avoided by less restrictive means.

  b. "Discovery Material" shall mean all materials disclosed by the United States during discovery in this case.

  2. **Scope**: The protections conferred by this Stipulated Interim Protective Order cover not only Protected Material (as defined above) but also include: (i) any information copied or extracted from Protected Material; (ii) all copies, excerpts, summaries, or compilations of Protected Material; and (iii) any testimony, conversations, or presentations by the parties and their counsel that might reveal Protected Material.

  3. **Designating Protected Material**: The United States may designate Discovery Material as Protected Material to the extent that it believes in good faith that the information or material is or may be Protected Material as defined in paragraph 1(a)(i)-(iii) above. Any labeling, segregation, or designation of Discovery Material as Protected Material should be made, whenever possible, in the case of written, tangible, or documentary Discovery Material, at the time that Discovery Material is produced or made known to THE DEFENDANT by stamping each page "CONFIDENTIAL," "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE," as applicable. Computer memory storage materials such as tapes, diskettes, hard drives, or other memory media containing Discovery Material deemed by the United States as containing Protected Material shall be labeled on the outside of the media as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY." (As specified below, materials designated "HIGHLY CONFIDENTIAL SOURCE CODE" may only be produced in paper copies in limited circumstances.) Whenever possible, the United States shall maintain unlabeled or "clean" copies of all discovery material that it has labeled "CONFIDENTIAL," "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE" under this stipulated order for the future use by the parties in subsequent proceedings.

  4. Inadvertent failure to designate qualified information or items as Protected Material does not, standing alone, waive the United States' or any nonparty's right to secure protection under this Stipulated Interim Protective Order for such material if timely corrected. Upon timely correction of

STIPULATED INTERIM PROTECTIVE ORDER
CR 19-377 WHA

3

designation, THE DEFENDANT and his counsel must make reasonable efforts to assure the materials are treated in accordance with the provisions of this Stipulated Interim Protective Order.

5. The recipient of any Protected Material that is provided under this Stipulated Interim Protective Order may use Protected Material only for defending or attempting to settle this criminal case. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the criminal case has been terminated, the recipient of any Protected Material must comply with the provisions of paragraph 8 below.

6. **Access to and Use of Protected Material**

a. Discovery Material designated as "CONFIDENTIAL" shall be retained by THE DEFENDANT'S counsel in the above-captioned case and furnished, at this time, to no one other than THE DEFENDANT'S counsel in the above-captioned case; THE DEFENDANT; and the professionals and staff (including retained third parties) supporting THE DEFENDANT'S counsel in the above-captioned case—such as experts, investigators, consultants, interpreters, paralegal assistants, and secretarial, stenographic, and clerical employees who are working on this case under the direction of THE DEFENDANT'S counsel and to whom it is necessary that the materials be disclosed for purposes of the defense of this case. THE DEFENDANT'S counsel may further show documents to any custodian listed on the face of such document but shall not leave any such Confidential Material with the custodian. THE DEFENDANT'S counsel may also show documents to any potential witness that they deem necessary for the defense of this matter but shall not leave any such Confidential Material or summary of the Confidential Material with the potential witness. In the event that THE DEFENDANT or his counsel wishes to consult an expert regarding these materials, counsel and/or THE DEFENDANT and the expert shall adhere to the procedure addressed in paragraph 11 of this agreement. All Discovery Material designated "Confidential Material" shall be kept in the possession of THE DEFENDANT'S counsel in the above-captioned case or in the possession of retained defense experts, and neither this material nor any copies of the material shall leave their possession (including via electronic transmission of any sort) for any purpose except submission in camera to the Court, except that counsel and retained defense experts may include the material in emails among themselves as necessary for the defense of this matter, provided

STIPULATED INTERIM PROTECTIVE
ORDER
CR 19-377 WHA

4

that when Confidential Materials are attached to an email, the confidential materials shall be encrypted. Electronic copies of this material may be stored on password protected laptop computers and in password protected cloud-based accounts belonging to THE DEFENDANT'S counsel or retained defense experts. Moreover, no such material shall be downloaded to or maintained on a portable storage device such as a thumb drive or removable external hard drive, unless that thumb drive or external storage device is encrypted and password protected. Should THE DEFENDANT be incarcerated before the resolution of this Indictment, his counsel may bring the designated Confidential Material to the facility in which he is incarcerated to assist in THE DEFENDANT's preparation but shall not leave any such Confidential Material with THE DEFENDANT. All such material shall be used solely for the purpose of conducting pre-trial, trial, and appellate proceedings in this case and for no other purpose whatsoever, and shall not be used for the economic benefit of any defendant or for the benefit of any third party. Any party wishing to file a motion or other filing which contains any of the material labeled "CONFIDENTIAL" must seek to make such filing under seal. Confidential Material filed under seal shall be filed with the Clerk of the Court in sealed envelopes or boxes prominently marked with the caption of this case and the notation:

> "TO BE FILED UNDER SEAL"
> Contains Confidential Material
> To Be Opened Only As Directed By The Court

b. Discovery Material designated as "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY" shall be retained by THE DEFENDANT'S counsel in the above-captioned case and furnished, at this time, to no one other than THE DEFENDANT'S counsel in the above-captioned case; and the professionals and staff (including retained third parties) supporting THE DEFENDANT'S counsel in the above-captioned case—such as experts, investigators, consultants, interpreters, paralegal assistants, and secretarial, stenographic, and clerical employees who are working on this case under the direction of THE DEFENDANT'S counsel. THE DEFENDANT'S counsel may review with THE DEFENDANT Highly Confidential Attorneys' Eyes Only Material, but shall not provide THE DEFENDANT with copies of, or permit THE DEFENDANT to make copies of, or have unsupervised access to, any materials so designated. THE DEFENDANT'S counsel may further show Highly Confidential Attorneys' Eyes Only Material to any custodian listed on the face of such document but shall not leave any such Highly

Confidential Attorneys' Eyes Only Material with the custodian. THE DEFENDANT'S counsel may also show documents to any potential witness that they deem necessary for the defense of this matter but shall not leave any such Highly Confidential Attorneys' Eyes Only Material or summary of the Highly Confidential Attorneys' Eyes Only Material with the potential witness. In the event that THE DEFENDANT or his counsel wishes to consult an expert regarding these materials, counsel and/or THE DEFENDANT and the expert shall adhere to the procedure addressed in paragraph 11 of this agreement. All Discovery Material designated "Highly Confidential Attorneys' Eyes Only Material" shall be kept in the possession of THE DEFENDANT'S counsel in the above-captioned case or the possession of retained defense experts, and neither this material nor any copies of the material shall leave their possession (including via electronic transmission of any sort) for any purpose except submission in camera to the Court, except that counsel and retained defense experts may include the material in emails among themselves as necessary for the defense of this matter, provided that when Highly Confidential Attorneys' Eyes Only Materials are attached to an email, the confidential materials shall be encrypted. Electronic copies of this material may be stored on password protected laptop computers and in password protected cloud-based accounts belonging to THE DEFENDANT'S counsel or retained defense experts. Moreover, no such material shall be downloaded to or maintained on a portable storage device such as a thumb drive or removable external hard drive, unless that thumb drive or external storage device is password protected and encrypted. All such material shall be used solely for the purpose of conducting pre-trial, trial, and appellate proceedings in this case and for no other purpose whatsoever, and shall not be used for the economic benefit of any defendant or for the benefit of any third party. Any motions or other filings which contain any Highly Confidential Attorneys' Eyes Only Material shall be filed and kept under seal until further order of the Court. Highly Confidential Attorneys' Eyes Only Material filed under seal shall be filed with the Clerk of the Court in sealed envelopes or boxes prominently marked with the caption of this case and the notation:

> "TO BE FILED UNDER SEAL"
> Contains Highly Confidential Attorneys' Eyes Only Material
> To Be Opened Only As Directed By The Court

    c.    Discovery Material designated as "HIGHLY CONFIDENTIAL SOURCE CODE

MATERIAL" shall be made available for inspection by THE DEFENDANT's counsel; THE DEFENDANT; and the professionals and staff (including retained third parties) supporting THE DEFENDANT's counsel in the above-captioned case—such as experts, investigators, consultants, interpreters, paralegal assistants, and secretarial, stenographic, and clerical employees who are working on this case under the direction of THE DEFENDANT's counsel, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the United States or another mutually agreed upon location. The source code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and anyone inspecting the material shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The United States may visually monitor the activities of THE DEFENDANT'S counsel, their staff, and THE DEFENDANT during any source code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

THE DEFENDANT'S counsel in the above-captioned case may request paper copies of limited portions of source code that are reasonably necessary for the preparation of court filings, pleadings or other papers, but shall not request paper copies for the purpose of reviewing the source code in the first instance. The United States shall provide all such source code in paper form, including bates numbers and the label "HIGHLY CONFIDENTIAL SOURCE CODE." The United States may challenge the amount of source code requested in hard copy form.

Any such paper copies shall be kept in the possession of THE DEFENDANT'S counsel in the above-captioned case and neither this material nor any copies of the material shall leave their possession (including via electronic transmission of any sort) for any purpose except submission in camera to the Court. THE DEFENDANT'S counsel in the above-captioned case shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. THE DEFENDANT'S counsel in the above-captioned case shall maintain all paper copies of any printed portions of the source code in a secured, locked area. THE DEFENDANT'S counsel in the above-captioned case shall not create any electronic or other images of the paper copies and shall not convert

STIPULATED INTERIM PROTECTIVE                    7
ORDER
CR 19-377 WHA

any of the information contained in the paper copies into any electronic format. THE DEFENDANT'S counsel in the above-captioned case shall only make additional paper copies if such additional copies are necessary to prepare court filings, pleadings, or other papers or to prepare for, or conduct, trial or hearings in this case.

Any motions or other filings which contain material labeled "HIGHLY CONFIDENTIAL SOURCE CODE" and which are filed with the Court shall be filed and kept under seal until further order of the Court. Highly Confidential Source Code Materials filed under seal shall be filed with the Clerk of the Court in sealed envelopes or boxes prominently marked with the caption of this case and the notation:

"TO BE FILED UNDER SEAL"
Contains Highly Confidential Source Code Material
To Be Opened Only As Directed By The Court

7. The recipient of any Protected Material that is provided under this Stipulated Interim Protective Order shall not disclose such information to any individuals except as authorized by this Stipulated Interim Protective Order.

8. At the conclusion of the above-captioned case, including any appellate proceedings related to the case, THE DEFENDANT and his counsel in the above-captioned case agree to the return of all Protected Material to the United States and defense counsel will destroy his/her work product that contains Protected Materials, except as directed by the Court.

9. Nothing herein shall prevent THE DEFENDANT from using the Protected Material or from referring to, quoting, or reciting from any information contained in such Protected Material in connection with pleadings or motions filed in this case, provided that THE DEFENDANT seeks to file the Protected Material under seal, as specified above. The use of Protected Material at trial or pre- or post-trial hearing will be resolved at or before the time of the trial or hearing.

10. **Procedure for Challenging Designations**: Should THE DEFENDANT dispute the propriety of any designation of Discovery Material as Protected Material, his counsel shall notify the United States in writing. Within fourteen business days from receiving the notice, the United States shall respond to the notice in writing. If, after this exchange of correspondence, THE DEFENDANT and the United States cannot resolve their dispute, they may apply to the Court to do so. The burden

shall be on the United States to prove that the material qualifies as Protected Material. During the pendency of the dispute and any court resolution thereof, including an appeal of the Court's decision on such motion, the discovery material shall be deemed "CONFIDENTIAL," "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL SOURCE CODE," as applicable, as designated and shall be covered by the provisions of this Stipulated Interim Protective Order. The parties understand that, as this Stipulated Interim Protective Order is primarily intended to facilitate pretrial negotiations, THE DEFENDANT and his counsel may choose not to formally challenge the United States' designation of certain material as Protected Material at this stage in the proceedings. Such a failure to challenge the designation does not constitute a waiver on THE DEFENDANT's part of either the ability to challenge that designation or the ability to contest that certain portions of the designated Highly Confidential Attorneys' Eyes Only Material constitutes "trade secret" information under 18 U.S.C. § 1839(3).

11. **Experts**: It is anticipated that THE DEFENDANT and/or THE DEFENDANT's counsel may wish to retain person(s) with specialized knowledge or experience in matters pertinent to the case (Experts). At such time as THE DEFENDANT and/or THE DEFENDANT's counsel retains an Expert or Experts to assist in the review of Discovery Material designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY," and/or "HIGHLY CONFIDENTIAL SOURCE CODE,"[1] such person shall execute the Acknowledgment included with this Stipulated Interim Protective Order, which shall then be submitted by THE DEFENDANT to the Court *ex parte* and in camera, together with a curriculum vitae and employment history of the Expert. The purpose of the requirements of this paragraph is to allow the Court to review this in camera submission and assess whether any potential conflict of interest exists on the part of the proposed Expert. THE DEFENDANT shall not be required to provide said Acknowledgment, or the identity of the Expert who signed it, to the United States, unless so ordered by the Court. The United States retains the right to request that the Court authorize such disclosure of the identity of the Expert, and to request that the Court order THE

---

[1] Per paragraph 6(c), *supra*, only THE DEFENDANT's counsel may maintain any paper copies of materials designated HIGHLY CONFIDENTIAL SOURCE CODE. Experts may not separately maintain any such copies.

STIPULATED INTERIM PROTECTIVE ORDER  
CR 19-377 WHA

DEFENDANT to provide the Court with additional information on potential conflicts of interest of any Expert at the Court's request. Nothing in this paragraph relieves THE DEFENDANT of the discovery obligations contained in Fed. R. Crim. P. 16 (b)(1)(C), nor does the United States waive any rights thereunder by entering into this stipulation.

12. **Right to Further Relief**: By signing and agreeing to the terms of this Stipulated Interim Protective Order, no person shall be deemed to have conceded that any material has been properly designated as Protected Material. Nothing in this Stipulated Interim Protective Order relieves the parties of their obligations under Criminal Local Rule 56-1. Further, nothing in this Stipulated Interim Protective Order shall preclude the United States or THE DEFENDANT from applying to the Court for further relief or modification. The parties' agreement to enter into this Stipulated Interim Protective Order at this time is for the purpose of pretrial negotiations, and is not a concession by THE DEFENDANT that the terms contained herein would be appropriate should the case proceed beyond that stage.

//
//
//
//
//
//
//
//
//
//
//
//
//
//

13. **Penalties for Violation**: Willful violation of this Stipulated Interim Protective Order may be punishable by contempt of court, whatever other sanction the Court deems just, or any other sanctions or combination of sanctions which are legally available.

DATED: September 19, 2019

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

KATHERINE L. WAWRZYNIAK
ANDREW F. DAWSON
AMIE D. ROONEY
Assistant United States Attorneys

DATED: 9/19/19

RAMSEY & EHRLICH LLP
Miles Ehrlich
Ismail Ramsey
Amy Craig
Attorneys for defendant Anthony Scott Levandowski

IT IS SO ORDERED

DATED:

HON. WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

STIPULATED INTERIM PROTECTIVE ORDER
CR 19-377 WHA

11

AGREEMENT TO BE BOUND BY STIPULATED INTERIM PROTECTIVE ORDER

The undersigned, defendant Anthony Scott Levandowski, and Ramsey & Ehrlich, LLP, counsel in the above-captioned case, CR 19-377 WHA, hereby acknowledge that they have received a copy of the Stipulated Interim Protective Order in the above-captioned case, have read, understand, and agree to be bound by all of the provisions thereof, and hereby submit to the jurisdiction of the United States District Court for the Northern District of California for the purposes of enforcement of the terms of the Stipulated Interim Protective Order and the punishment of any violations thereof.

DATED: 9/19/19

Miles Ehrlich
RAMSEY & EHRLICH, LLP
Attorneys for defendant Levandowski

DATED: 9/19/19

ANTHONY SCOTT LEVANDOWSKI
Defendant

STIPULATED INTERIM PROTECTIVE
ORDER
CR 19-377 WHA

12

ACKNOWLEDGMENT OF STIPULATED INTERIM PROTECTIVE ORDER IN UNITED STATES v. ANTHONY SCOTT LEVANDOWSKI, CR 19-377 WHA

The undersigned hereby acknowledges receipt of a copy of the Stipulated Interim Protective Order issued in UNITED STATES v. ANTHONY SCOTT LEVANDOWSKI, CR 19-377 WHA, has read, understands, and agrees to the terms of the Stipulated Protective Order, and hereby submits to the jurisdiction of the United States District Court for the Northern District of California for the purposes of enforcement of the terms of the Stipulated Interim Protective Order and the punishment of any violations thereof.

Further, the undersigned understands that the sole permissible use of the Protected Material provided and viewed under the provisions of this Stipulated Interim Protective Order is to assist in the preparation of THE DEFENDANT's, Anthony Scott Levandowski's, defense to CR 19-377 WHA.

The undersigned understands that no further use may be made of the Protected Material whatsoever, and that any willful violation of the Stipulated Interim Protective Order may result in criminal and civil penalties.

DATED: _____

_____
Signature

_____
Printed Name

_____
Street Address

_____
City, State, and Zip Code

_____
Area Code and Telephone Number

_____
Email Address