RAMSEY & EHRLICH LLP
MILES EHRLICH - #237954
miles@ramsey-ehrlich.com
ISMAIL RAMSEY - #189820
izzy@ramsey-ehrlich.com
AMY CRAIG - #269339
amy@ramsey-ehrlich.com
803 Hearst Avenue
Berkeley, CA 94710
(510) 548-3600 (Tel)
(510) 291-3060 (Fax)

Attorneys for Defendant
ANTHONY LEVANDOWSKI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| United States,<br><br>          Plaintiff,<br><br>     v.<br><br>Anthony Levandowski,<br><br>          Defendant | Case No.: CR 19-00377-WHA<br><br>**DEFENDANT ANTHONY LEVANDOWSKI'S STATEMENT REGARDING TIMING FOR BILL OF PARTICULARS**<br><br>Date:         TBD by the Court<br>Courtroom:   Courtroom 12 - 19th Floor |

**I. INTRODUCTION**

At the last hearing, defense counsel and the government agreed that, where an indictment is insufficiently specific, a bill of particulars is the customary mechanism by which a defendant is apprised of the specifics of trade secrets alleged to be stolen. Dkt. 41 (Transcript of Proceedings held on 10/29/19) at 18 ("Ms.Wawrzyniak: I agree with Mr. Ehrlich that this is most often litigated in trade secret cases through a motion for Bill of Particulars"). Pursuant to the Court's order, Defendant Anthony Levandowski filed a motion for a bill of particulars under Rule 7(f). Dkt. 51-4 (unredacted), Dkt. 52 (redacted). This Court requested supplemental

1

briefing, however, on the question of *when* a bill of particulars should be granted. Dkt. 41 at 30. In short, neither the Rules of Criminal Procedure nor the case law provides a specific deadline for filing a bill of particulars. But given that the bill's primary purpose is to ensure a defendant's fair opportunity to defend himself by eliminating guesswork as to the nature of the charges brought, the bill should be filed far enough in advance of the trial to Mr. Levandowski to effectively prepare his defense. And this means allowing him adequate time to procure and prepare expert witnesses and also to investigate possible lay witness testimony that bears on the validity of charged trade secrets.

The government has had two and a half years to employ its broad subpoena powers, to study the mountains of discovery generated in the underlying civil case, and to hone its criminal charges—all with substantial assistance from Google engineers, experts, and attorneys. Having indicted on its own timetable, the prosecution should not now need additional time to settle on how to describe the trade secrets it alleges were stolen. Because the government already knows (or should know) what it charged and what it intends to prove at trial, a bill of particulars should be filed in short order.

## II. APPLICABLE LAW

Federal Rule of Criminal Procedure 7(f) authorizes district courts to order a bill of particulars. But Rule 7(f) does not specify exactly when a bill must be filed. The case law interpreting the rule also provides no hard-and-fast deadlines—perhaps because the decision whether to grant a bill is discretionary, and the circumstances that may necessitate a bill will vary from case to case. *See* 5 LaFave et al., *Criminal Procedure* § 19.4(b) (4th ed. & 2018 update).

Nonetheless, while not setting a precise deadline, both the Rule and the case law suggest that a bill of particulars ordinarily should be ordered at the outset of the case. The Rule itself states that when possible, proceedings for a bill of particulars should be initiated shortly after arraignment. *See* Fed. R. Crim. P. 7(f). This is because a bill of particulars fundamentally "relates to pleading." 5 LaFave, *supra*, § 19.4(b). It serves as a sort of supplemental pleading, necessary to provide additional specificity when the indictment itself fails to do so.

The fundamental purpose of a bill is to enable the defendant "to prepare a defense." *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983). In order to serve that purpose, the bill must come early enough in the proceedings to allow the defendant sufficient time to meaningfully and effectively prepare. In a technologically complex trade secrets case such as this that will require, at least in some significant measure, a technologically complex defense, it is necessary for a bill to issue well in advance of trial.

Judge White's handling of the bill of particulars in the *Liew* case, one of the leading criminal trade secrets cases in this district, provides guidance. In that case, Judge White determined that, although the government had provided extensive disclosures, the defense still lacked sufficient specificity to prepare a defense to the trade secrets charged. The court thus ordered the government to provide a bill of particulars ***within two weeks*** of granting the defendant's motion. *United States v. Liew*, No. 11-573, 2013 WL 2605126 at *9 (June 11, 2013). That decision was rendered in June of 2013 and the case did not proceed to trial until early 2014. Thus, the district court in *Liew* ordered the government to provide a bill of particulars more than six months in advance of trial. Similarly, in the *Liu* case from the Western District of New York, a magistrate judge ordered the government to "furnish defendant with a bill of particulars specifically identifying each trade secret it will seek to prove at trial" six weeks after the court granted the defendant's motion, before a trial date was even set. Dkt. 52-6 (*United States v. Liu*, No. 13-cr-226 (W.D.N.Y. Oct. 20, 2016), Dkt. 180 at 6)[1], *see also* Dkt. 52-7 (*United States v. Ward*, No. 11-02123 (E.D. Wa. June 20, 2012), Dkt. 175 at 8 (ordering the government to supplement its already-filed bill of particulars "***within thirty days***," of the Court's order and ***twenty-two months*** before the April 2014 trial)).

Civil cases provide some helpful guidance by analogy. Rule 7(f) was adapted from Fed. R. Civ. P. 12(e). Civil Rule 12(e), though more restrictive than the Criminal Rule 7(f), similarly allows a civil defendant to seek a more definite statement of the case when the pleading itself is

---

[1] The government objected to the magistrate court's order. On December 14, 2016, the district court affirmed the magistrate's Report, Recommendation and Order and gave the government six weeks until January 31, 2017, to file its bill of particulars. No. 13-cr-226, Dkt. 188 and 190. The docket does not reflect a trial date. The court dismissed the indictment on November 1, 2017. Dkt. 209.

insufficiently clear.  Rule 12(e) makes clear that "more definite statements" should be filed early in the proceedings, as part of the pleading stage.  Civil trade secret cases have recognized that statements "identify[ing] in detail the trade secrets alleged to have been misappropriated" should be filed **prior to discovery**.  *Xerox Corp. v. IBM Corp.*, 64 F.R.D. 367, 370–72 (S.D.N.Y. 1974); *see also MSCI Inc. v. Jacob*, 945 N.Y.S.2d 863, 865–66 (2012) ("[T]he law requires that a trade secret plaintiff identify trade secrets with reasonable particularity early in the case.").  Indeed, many jurisdictions, including California, have legislated that discovery cannot begin in a trade secret case until the plaintiff identifies the alleged trade secrets with specificity. *See Comput. Econ., Inc. v. Gartner Grp., Inc.*, 50 F. Supp. 2d 980, 983-84 (S.D. Cal. 1999) (explaining that Cal. Civ. Proc. Code § 2019(d) was enacted to "prevent[] a trade secret plaintiff from taking discovery until it specifically identifies the trade secrets it claims the defendant misappropriated.").  After all, until the trade secrets at issue are identified and specified, "neither the court nor the parties can know, with any degree of certainty, whether discovery is relevant or not." *Xerox*, 64 F.R.D. at 371.

      The same considerations have equal force in a criminal case.  "The procedural safeguards that are required when an individual's liberty is at stake must at least equal those required before he may be deprived of his property." Dkt. 52-6 (*United States v. Liu*, *supra*, at 5 (quoting *Patterson v. Coughlin*, 761 F.2d 886, 890 (2d Cir. 1985)).  In a complex criminal case involving extensive discovery and expert witness preparation, a bill of particulars should be filed early in the case.  It is a "well-established principle that district courts have inherent power to control their dockets," provided that the Court does not "develop rules that circumvent or conflict with the Federal Rules of Criminal Procedure*." United States v. W.R. Grace*, 526 F.3d 499, 509 (9th Cir. 2008) (internal quotations and brackets omitted) (quoting *Atchison, Topeka & Santa Fe Ry. v. Hercules, Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1988) and *Carlisle v. United States*, 517 U.S. 416, 426 (1996)).  Requiring the government to promptly provide the requested specificity does not circumvent or conflict with any existing rules.

//

## II.  ARGUMENT

Applying those principles here, it is both prudent and appropriate to require the government to file a bill of particulars immediately.

First, as described more fully in Mr. Levandowski's bill of particulars motion, the indictment here is insufficiently specific as to the information alleged in each count to be the trade secret.  A principal purpose of an indictment is to provide a defendant with proper notice of the charges he must defend right at the outset of a case.  Here, the government cited particular documents in the indictment, but nowhere identified the allegedly stolen *trade secret information* contained in these documents.  For this reason, a bill of particulars was amply justified at the outset of this case—at the time of indictment (*i.e.*, the first pleading)—and by this same logic, it should issue as close to the initial pleading as possible.

Second, given the complexities of this case, an early bill is needed now to enable Mr. Levandowski to meaningfully prepare his defense.  The government is alleging, among other things, that Mr. Levandowski stole secret information relating to the manufacture of proprietary LiDar components.  Whether the information in these documents is or is not a trade secret will be a central issue at trial.  The technology here is highly technical and complex—far beyond the experience and expertise of regular jurors and attorneys.  The defense will need to locate, retain, and prepare expert witnesses who possess the requisite knowledge and expertise (and have no business conflict of interest)—a process that often takes many months.  Without knowing which ideas or pieces of information—or combinations thereof—are trade secrets, the defense cannot procure the right experts.

Third, as discussed in previous pleadings, the discovery in this case amounts to more than 400 gigabytes of data.  *See* Dkt. 40 at 2 (government's brief setting out the volume of production).  A defendant cannot be expected to sift through piles of technical deposition testimony, design files, schematics, and other documents *and simply guess at how the government might have "framed" the trade secrets* it charged him with stealing.  And it would waste precious defense resources and cause untold delay if Mr. Levandowski's counsel were


required to re-review this enormous volume of data if the government were allowed to describe the trade secrets one way now and then press fundamentally different trade secrets at trial.

Fourth, and finally, although the indictment is vague as to the contours of the trade secrets charged, the government does appear to know which alleged trade secrets it (currently) plans to prove. Indeed, in its November 4th letter and accompanying chart, the government did adequately specify the contours of a few of the charged trade secrets. Dkt. 52 at 9 (acknowledging that the descriptions for Trade Secrets 2, 7, and 20 are sufficiently specific). But troublingly, the government went on to say that it "reserve[d] the right" to change course. Dkt. 52-2 ("If the Court orders a Bill of Particulars, [the government] reserve[s] the right to articulate additional, different, or modified trade secrets found within the particular files identified in the Indictment."). Hence, it seems, the problem is not that the government can't yet tell us what specific trade secrets it intends to prove. The problem is that the government wants to leave itself wiggle room to seize on new definitions for the trade secrets if its evidentiary case begins to fall apart.

The government appears to be taking this bob-and-weave approach right now in another trade secret case pending in this district, *United States v. Mogal*, No. CR 18-00259-BLF. In that case, the prosecution, in lieu of having to respond to a bill of particulars motion, entered into stipulations as to the identity of the trade secret information alleged to have been stolen by each defendant. But then, months after entering into stipulations that the defendants had relied upon to select experts and prepare their defenses, and on the eve of expert disclosures for the first defendant set for trial, the government notified counsel that it was broadening the definition of the charged trade secrets and reserving the right to further supplement the descriptions of the trade secrets up to the time of trial. *United States v. Mogal*, No. CR 18-00259-BLF (N.D.C.A. Nov. 8, 2019), Dkt. 122 (attached as Exhibit A to Declaration of Amy Craig (filed herewith)). This is precisely the type of unfair, prejudicial surprise that Mr. Levandowski is seeking to avoid. The easy and proper remedy is to require the government to file, immediately, a fixed and binding bill of particulars setting forth the precise nature of the trade secrets it charged.

Something so fundamental as the identity of the alleged trade secrets stolen cannot be left to a guessing game. Mr. Levandowski must be able to meaningfully prepare his defense now. He cannot do so unless the government identifies with clarity and finality the trade secrets it plans to prove. A bill of particulars—filed now—will provide the certainty that all parties and the court need in order to proceed.

### III. CONCLUSION

For the foregoing reasons, Mr. Levandowski requests that this Court order the government to file its bill of particulars forthwith, and no later than two weeks from entry of judgment on the defendant's motion.

Date:   November 10, 2019                    Respectfully submitted,

/s/
RAMSEY & EHRLICH LLP
Miles Ehrlich
Ismail Ramsey
Amy Craig

**Counsel for Anthony Levandowski**