RAMSEY & EHRLICH LLP
MILES EHRLICH - #237954
miles@ramsey-ehrlich.com
ISMAIL RAMSEY - #189820
izzy@ramsey-ehrlich.com
AMY CRAIG - #269339
amy@ramsey-ehrlich.com
803 Hearst Avenue
Berkeley, CA 94710
(510) 548-3600 (Tel)
(510) 291-3060 (Fax)

Attorneys for Defendant
ANTHONY LEVANDOWSKI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| United States,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Anthony Levandowski,<br><br>　　　　Defendant | Case No.: CR 19-00377-WHA<br><br>**DEFENDANT ANTHONY LEVANDOWSKI'S REPLY IN SUPPORT OF MOTION FOR BILL OF PARTICULARS**<br><br>Date:　　　December 3, 2019<br>Time:　　　11:00 am<br>Courtroom:　Courtroom 12 - 19th Floor |

## I. INTRODUCTION

Federal Rule of Criminal Procedure 7(f) grants a court discretion to order a bill of particulars when necessary to ensure that a defendant receives proper notice of the essential elements of the offenses the government has lodged against him. Case law interpreting Rule 7(f) provides that courts should freely grant requests for bills of particulars in technically complex cases such as this. *See, e.g., United States v. Akroush*, No. 15-286, 2019 WL 2391808 at *4 (E.D. Cal. June 6, 2019) (bill of particulars is appropriate where charges "are sufficiently complex and unusual"); Dkt. 52-7 (*United States v. Ward*, Case No. 11-02123 at 5-6 (E.D. Wa. June 21, 2012)

1

(ordering additional specificity to avoid placing defendant "in the position of having to guess which portions of [the documents identified]" constituted the trade secrets charged.)); *see also United States v. Vasquez-Ruiz*, 136 F. Supp. 2d 941, 943 (N.D. Ill. 2001) (granting bill of particulars because "[t]here is no good reason to require the defendant to engage in guesswork . . . .").

The government opposes Mr. Levandowski's request for a bill of particulars on the (somewhat inconsistent) assertions that (1) it has already provided enough detail as to what the trade secrets are and/or (2) that it will do so by the time of its expert witness disclosures. But the government's lack of conceptual clarity thus far—and its asserted right to shift and change the trade secret definitions down the road—validates the need for a bill of particulars now. Put simply, if the theory as to what constitutes the trade secrets in the schematic and design files (counts 1 through 26) is really as simple as the government now suggests, then memorializing that theory will not unduly burden the government. And it will provide Mr. Levandowski with the clarity and certainty he needs to prepare his defense.

## II.  BACKGROUND

As this Court has noted, a major challenge in this case is that most of the counts involve visual depictions of complex electro-mechanical systems—sometimes spread across multiple pages—which consist of many different components. These constituent parts are put together in a manner that reflects a wide variety of different engineering choices and concepts. The indictment just lists the document for each count, but it does not specify which components or features within each design document constitutes the information that is alleged to be the trade secret. This lack of specificity requires Mr. Levandowski, in order to prepare his defense, to guess what is the alleged trade secret. For instance, suppose a design file for System X has components A through Z. Component A could be a trade secret, while B through Z could all be publicly known. Or perhaps component B and L used together are the secret, while the other components are readily ascertainable in the industry. Or finally, suppose all of the components (A through Z) are publicly known in other configurations, but the trade secret at issue in this case

is the *specific implementation* of all of these components together in System X—in other words, it is the unique and innovative way that all of the components are put together that is protected as secret, not readily ascertainable, and economically valuable because of its secrecy.

The government is free to charge the case however it views the evidence. But the defense is entitled to know which theory the government is pursuing so that it may prepare a defense to the charges. The factual defense to a charge that Component A is the trade secret is almost certain to be different from the factual defense to a charge that System X, *as a whole*, is the trade secret. It may even require the selection of a different expert. Yet, the sparse and vaguely-worded indictment in this case does not specify which theory the government is pursuing. So the defense has requested greater specificity.

### A.    Government's November 4th Letter

In its November 4, 2019, letter, the government sought to "clarify the trade secrets at issue." Dkt. 52-2 Exh. A at 1. The letter did, at first, appear in part to clarify the situation when it cross-referenced the counts in the indictment to the trade secrets Waymo had alleged in the underlying civil proceeding, describing them as being in "rough concordance." *Id.* at 2. For example, the government stated that "the documents charged in Count One through Five of the Indictment contain alleged trade secrets Nos. 2 and 7, which were selected [by Waymo] for trial. Similarly, Count 27 of the indictment contains alleged trade secret No. 90, also selected for trial." *Id.* at 2. This led the defense to believe that the government was proceeding (at least as to some counts) on the basis of particular concepts or components of the designs in question. *See* Dkt. 52-4 (setting out the descriptions of the trade secrets alleged in Courts 1-33 as provided by the government). But then the government asserted in the same letter that it "reserved the right to articulate different, additional, or modified trade secrets *found within the particular files* identified in the Indictment." Dkt. 52-2 Exh. A at 2 (emphasis added). Given this lack of clarity, and the possibility of an ever-moving target, the defense moved for a bill of particulars.

//

### B. Government's Statements in its Opposition and at Hearing

In its opposition brief and at the November 13 hearing, however, the government took a new and different tack. It stated emphatically that it was *not* alleging that the trade secrets were any particular components or features found within the referenced documents. Rather, it stated that the entire files—all of the components as implemented together—were the trade secrets charged. Dkt. 55 and Dkt. 60 (Transcript of Proceedings on November 13, 2019) ("Nov. 13 Tr.")). As the government stated at the hearing: "The Government's assertion is that the entire schematic is the trade secret . . . . It is not our position—we are not asserting that the individual components or arrangements are individually charged as trade secrets." Nov. 13 Tr. at 11:24-12:3.

But then, a few minutes later, perhaps anticipating that it might later wish to wriggle away from this clear commitment, the government suggested that, instead of ordering a bill of particulars now, the court can just "police" the matter by examining the government's expert witness disclosures when they are due months from now. *Id*. at 17:14-19.

### III.   ARGUMENT

The Court should order a bill of particulars now. The government knows—or at least should know—what it charged. Waiting longer for clarity serves no valid purpose and will yield nothing but needless confusion and delay.

### A. Counts 1 through 26

With respect to Counts 1 through 26,[1] the government can proceed on a narrow theory that a particular concept or component is a trade secret, or it can allege that the whole design—as this Court once put it, "the entire schematic lock, stock, and barrel"—is the trade secret. *Waymo v. Uber*, C 17-00939 WHA, Dkt. 2219 at 14:18-19. The indictment does not provide clarity on this point. Thus far, the government's own statements on its theory of the case have not been consistent. At one point they suggest that particular characteristics of the designs are the trade

---

[1] The documents the government has identified for Counts 1 through 26 are schematics or designs, whereas the documents identified for Counts 27 through 33 are text documents (i.e., presentations, instructions, manuals, and notes).

secrets, and then at the hearing they say, no, it is the full designs in their entirety. Most troubling of all, the government seems to believe that it should not be required to commit at all to the definitions of the trade secrets it charged, and reserves the right to go to trial based on "different, additional, or modified trade secrets found within the particular files."

The defense takes the government at its word—most recently, in its representations to the Court at the November 13 hearing—that the theory charged by the grand jury is that the files *in their entirety* are the trade secrets alleged in each count. But the defense should not be required to run the risk that the government will change tack later if the evidence (or its confidence) were to change. The very purpose of a bill of particulars is to memorialize the government's basic theory of the case in a binding fashion so that all parties and the court may efficiently prepare for trial. *United States v. Davis*, 854 F.3d 1276, 1293 (11th Cir. 2017).

The government offers no persuasive reason for declining a bill of particulars. The defense is not asking for a "fully integrated trial theory." Dkt. 55 (Govt. Opp.) at 4 (quoting *United States v. Addonizio*, 451 F.2d 49, 64 (3d Cir. 1972)). The defense is simply seeking to determine the most fundamental element of the offense charged—identification of the alleged trade secrets. Nor is the defendant seeking to force the government "to describe in detail the manner in which the crime was committed." *Id*. (quoting *United States v. Manetti*, 323 F. Supp. 683, 696 (D. Del. 1971)). None of this has anything to do with the means or manner of the offense, nor how the government may try to prove it through its witnesses or exhibits. The defense is merely seeking clarification about "what will constitute the elements of the offense." 5 LaFave et al., *Criminal Procedure* § 19.4(b) (4th ed. & 2018 update). And indeed, if a bill of particulars is otherwise justified to provide sufficient notice, "it is of no consequence that the requested information would . . . require[] the disclosure of evidence or the theory of the prosecution." *United States v. Barnes*, 158 F.3d 662, 665 (2d Cir. 1998).[2]

---

[2] "[W]hile the goal of a bill of particulars can normally be served without requiring the government to lay out its entire case or its theories, it remains true that if the information is necessary to serve the proper purposes of a bill, the defense motion should be granted even if the effect is the disclosure of evidence or of the prosecution's theories." 1 Wright & Leipold, *Fed. Prac. & Proc. Crim*. § 130 (4th ed. & 2019 Update); *see also id*. n.27 (citing additional cases).

And, in that respect, the government *should* be bound.  "[A] bill of particulars, like the indictment, is designed to define and limit the government's case." *United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir. 1985).  To be sure, the defense is not entitled to a binding preview of the government's trial strategy.  But the defense and the court are entitled to a binding statement of what was charged, and what will constitute the essential elements of the offenses at trial.  If the government's theory is that the whole files in their entirety constitute the trade secrets charged, then it should commit to that theory in a bill of particulars.  It is profoundly unfair to require the defense to guess at all the ways the government *might* be framing the trade secret, to then endure all the wasted time and expense of asking its experts the wrong questions, only to be told later, when trial is imminent, that the trade secrets at issue are something else entirely.

**B.      Counts 27 through 33**

In contrast to the schematics at issue in Counts 1 through 26, the documents the government has identified for Counts 27 through 33 are narrative in nature: multi-page presentations, instructions, manuals and notes, ranging from three to sixty-one pages in length. *See* Dkt. 52 at 11-12 (describing these later counts).   For example, the document identified for Count 33, the "Chauffeur TL weekly updates – Q 4 2015," is a 61-page spreadsheet containing multiple columns of single-spaced notes in minuscule font and alleged generically to contain "detailed technical information about Waymo's short-term goals with respect to self-driving car systems."  And for other counts, as we described in our opening brief, the government's description of the trade secret at issue does not match with the documents identified.  *See* Dkt. 52 at 11.  Without further explanation, Mr. Levandowski is left to guess at which portion of these often lengthy documents constitutes the trade secret information he stands charged with stealing.

### III.      CONCLUSION

Mr. Levandowski is entitled to understand the fundamental contours of the trade secret charges he must defend against.  Rule 7(f) provides the proper remedy in the form of a bill of particulars.

As to the design and schematic files in counts 1 through 26, the current problem is easily remedied. The government has stated emphatically that "the entire schematic is the trade secret. . . . we are not asserting that the individual components or arrangements are individually charged as trade secrets." Nov. 13 Tr. at 11-12. The government should be ordered to commit to this position in a bill of particulars, and not be allowed to move the target (in other words, shift the sands) at a later date.

For the remaining text-based trade secrets in counts 27-33, the government has not identified which portion of the information or ideas in these multi-page documents constitutes the trade secret charged. Dkt. 52 at 11-12 (describing the documents identified for Counts 27 through 33 in more detail.) It may be a single idea, a set of data, or a set of step-by-step instructions. The defense simply needs to know the identity of the information that is alleged to be the trade secret so it can investigate whether that information was protected as secret, not readily ascertainable, and valuable by virtue of its secrecy. Whether these files contain trade secrets is a core, foundational issue in this case. Postponing the identification of the charged trade secrets to some later date deprives the defendant of the opportunity to effectively prepare his defense and will cause needless delay and expense in readying this case for trial.

Date:   November 26, 2019                         Respectfully submitted,


/s/ _____
RAMSEY & EHRLICH LLP
Miles Ehrlich
Ismail Ramsey
Amy Craig

**Counsel for Anthony Levandowski**