IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

ANTHONY SCOTT LEVANDOWSKI,

    Defendant.

No. C 19-00377 WHA

**ORDER RE MOTION FOR BILL OF PARTICULARS**

       The technology at the center of this case is Light Detection and Ranging (LiDAR) sensors. LiDAR transmitters send out arrays of lasers into the surrounding environment, which then bounce back to receiving sensors. The sensors then measure the return signals to determine the size, shape, and distance of surrounding objects. LiDAR sensors are mounted on self-driving vehicles to help with perception and mapping.

       In August 2019, the government filed an indictment charging defendant Anthony Levandowski with 33 counts of trade secret misappropriation in violation of 18 U.S.C. § 1832(a)(1), (2), (3), and (4) — Theft and Attempted Theft of Trade Secrets. On November 6, defendant filed the instant motion for a bill of particulars requesting the government "identify[], as to each count, the precise contours of the information contained in the documents that constitute the allegedly stolen trade secrets at issue" (Br. at 14). The government clarified at a hearing on November 13 that it was not alleging and would not allege that the trade secrets defendant allegedly stole were any particular subset of components or features found within a referenced file, but rather the entirety of the file identified in the indictment.

       Defendant has moved for a bill of particulars due to a concern that some of files provided by the government contain too many features (some of which may be publicly known

and some of which may not be) and are thus too unspecific for defendant to determine what the alleged trade secrets are. Our court of appeals in *United States v. Nosal* held that trade secrets can be "an amalgam of public and proprietary source data." 844 F.3d 1024, 1042 (9th Cir. 2016). The government has stated that it will be proceeding under this theory, specifically that the trade secrets it is alleging are the implementation of each of the files in its entirety, not a subset of specific elements therein.

Defendant's other concern is a letter his counsel received from the government which contains the statement, "If the Court orders a Bill of Particulars, we reserve the right to articulate additional, different, or modified trade secrets found within the particular files identified in the Indictment." The government has now stated on the record that it will no longer reserve this right and will instead adhere to its theory that each trade secret is the file in its entirety.

Defense counsel are in agreement that this concession eliminates the need for a bill of particulars. The motion is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated: December 4, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2