# EXHIBIT A

# EXHIBIT A

```
 1  DAVID L. ANDERSON (CABN 149604)
    United States Attorney
 2
    HALLIE HOFFMAN (CABN 210020)
 3  Chief, Criminal Division

 4  AMIE D. ROONEY (CABN 215324)
    KATHERINE L. WAWRZYNIAK (CABN 252751)
 5  ANDREW F. DAWSON (CABN 264421)
    Assistant United States Attorneys
 6
        450 Golden Gate Avenue, Box 36055
 7      San Francisco, California 94102-3495
        Telephone: (415) 436-7200
 8      FAX: (415) 436-7234
        Amie.Rooney@usdoj.gov
 9      Katherine.Wawrzyniak@usdoj.gov
        Andrew.Dawson@usdoj.gov
10
11  Attorneys for United States of America
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR 19-377 WHA |
| Plaintiff, | PLEA AGREEMENT |
| v. | |
| ANTHONY SCOTT LEVANDOWSKI, | |
| Defendant. | |

I, Anthony Scott Levandowski, and the United States Attorney's Office for the Northern District of California (hereafter "the government") enter into this written Plea Agreement (the "Agreement") pursuant to Rule 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure:

The Defendant's Promises

1. I agree to plead guilty to Count Thirty-Three of the captioned Indictment, charging me

PLEA AGREEMENT  1  v. 11/21/2019
CR 19-377 WHA

with Theft and Attempted Theft of Trade Secrets in violation of 18 U.S.C. § 1832(a)(1), (2), (3) & (4). I agree that the elements of the offense are as follows: (1) I intended to convert a trade secret to the economic benefit of anyone other than the owner thereof; (2) The trade secret is related to a product used in or intended for use in interstate or foreign commerce; (3) I intended or knew that the offense would injure any owner of that trade secret; and (4) I stole, or without authorization, appropriated, took, carried away, or concealed such information.

I agree that the maximum penalties are as follows:

| | | | |
|---|---|---|---|
| a. | Maximum prison term | | 10 years |
| b. | Maximum fine | | $ 250,000 |
| c. | Restitution | | |
| d. | Maximum supervised release term | | 3 years |
| e. | Mandatory special assessment | | $100 |
| f. | Forfeiture | | |

2. I agree that I am guilty of the offense to which I am pleading guilty, and I agree that the following facts are true: In April 2007, I joined Google Inc. ("Google") as part of the VuTool team, which Google acquired to build out Google Street View. In or about 2009, I co-founded Google's "Project Chauffeur," which was the name given to Google's self-driving car program. I worked in Google's self-driving car program for approximately seven years. In the course of my employment, I was aware that my employment agreement obligated me to keep Google's valuable non-public information confidential, and I understood that non-public information related to Project Chauffeur was sensitive and subject to this confidentiality requirement.

In late 2015, I considered leaving Google to start a new self-driving company. My new company was initially called 280 Systems, Inc., but it later changed its name to Ottomotto Inc. ("Ottomotto"). Around the same time, I began having discussions with executives at Uber Technologies, Inc. ("Uber") regarding Uber's potential investment in, or acquisition of, Ottomotto. These negotiations intensified in December 2015, while I was still a Google employee. Uber ultimately acquired Ottomotto in or about August 2016.

PLEA AGREEMENT
CR 19-377 WHA

2

My employment with Google ended on or about January 27, 2016. Prior to my departure, I downloaded thousands of files related to Project Chauffeur. On or about December 11, 2015, I downloaded approximately 14,000 files from an internal, password-protected Google server known as "SVN," which was hosted on Google's network. On or about December 14, 2015, I transferred those SVN files from my Google-issued laptop to my personal laptop.

In addition, prior to my departure from Google, I downloaded a variety of files from a corporate Google Drive repository to my personal laptop. I downloaded these files with the intent to use them for my own personal benefit, and I understand that I was not authorized to take the files for that purpose.

In all, I downloaded at least 20 files from Google Drive between October 2015 and January 2016, including an internal tracking document entitled "Chauffeur TL weekly updates – Q4 2015" (hereinafter, the "Chauffeur Weekly Update"). I downloaded this file with the intent to use it for the benefit of someone other than Google. The Chauffeur Weekly Update contained a variety of details regarding the status of Google's self-driving car program. It included the Project Chauffeur team's quarterly goals and weekly metrics, my team's OKRs (objectives and key results), as well as summaries of technical challenges currently faced by the program and notes related to previous challenges that had been overcome. I downloaded the Chauffeur Weekly Update to my personal laptop on or about January 11, 2016, and I accessed the document after my resignation from Google, which occurred on or about January 27, 2016. In particular, I understand and admit that, as indicated by a third-party review of my laptop, I last accessed this file on February 24, 2016, nearly a month after my departure from Google.

I admit that, as of January and February 2016, the Chauffeur Weekly Update was Google's property and qualified as a trade secret. The document was not generally known or readily ascertainable through proper means by another person in the public who could obtain economic value from the disclosure or use of the information. Google took reasonable measures to keep the document secret, and the document derived independent economic value, actual or potential, from being secret. I further admit that I intended to convert the Chauffeur Weekly Update to the economic benefit of somebody other than the owner. In particular, I intended to use the Chauffeur Tracking Document to benefit myself and Uber. I also admit that the Chauffeur Weekly Update is related to Google's self-driving car

PLEA AGREEMENT
CR 19-377 WHA
3

technology, which is a product intended for use in interstate and foreign commerce, and that I knew that my misappropriation and unauthorized possession of the Chauffeur Weekly Update would injure Google.

Finally, I agree that for purposes of the Sentencing Guidelines, the loss value for purposes of § 2B1.1 of the United States Sentencing Guidelines is more than $550,000 but less than or equal to $1,500,000. The government and I agree that this represents a reasonable estimate of a loss attributable to my offense conduct, a loss that is real, but difficult to calculate. I understand that Google and its successor-in-interest, Waymo, are not bound by the parties' agreement and may assert in this or future proceedings that the loss amount associated with the Chauffeur Weekly Update is lower or higher.

3. I agree to give up all rights that I would have if I chose to proceed to trial, including the rights to a jury trial with the assistance of an attorney; to confront and cross-examine government witnesses; to remain silent or testify; to move to suppress evidence or raise any other Fourth or Fifth Amendment claims; to any further discovery from the government; and to pursue any affirmative defenses and present evidence.

4. I agree to give up my right to appeal my conviction, including constitutional challenges to the statute of conviction. I agree to give up my right to appeal the judgment and all orders of the Court. I also agree to give up my right to appeal any aspect of my sentence, including any orders relating to forfeiture and/or restitution, reserving only my right to claim that my sentence violated this plea agreement, applicable law, or the Constitution. I reserve my right to claim that my counsel was ineffective. I understand that this waiver includes, but is not limited to, any and all constitutional or legal challenges to my conviction and guilty plea, including arguments that the statute to which I am pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support my plea of guilty.

5. I agree not to file any collateral attack on my conviction or sentence, including a petition under 28 U.S.C. § 2255 or 28 U.S.C. § 2241, except that I reserve my right to claim that my counsel was ineffective. I also agree not to seek relief under 18 U.S.C. § 3582.

6. I agree not to ask the Court to withdraw my guilty plea at any time after it is entered. In

PLEA AGREEMENT  4
CR 19-377 WHA

the event I violate any of the terms of the Agreement, I agree that the facts set forth in Paragraph 2 of this Agreement and, if applicable, the fact that I made a sworn admission to them in a previous court proceeding, shall be admissible against me in any subsequent proceeding, including at trial. In any subsequent proceeding conducted after I violate any of the terms of the Agreement, I expressly waive any and all rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 with regard to the facts set forth in Paragraph 2 of the Agreement and, if applicable, the fact that I made a sworn admission to them at a previous court proceeding.

7. I understand that the Court must consult the United States Sentencing Guidelines and take them into account when sentencing, together with the factors set forth in 18 U.S.C. § 3553(a). I also understand that the Court is not bound by the Guidelines calculations below; the Court may conclude that a higher Guidelines range applies to me, and, if it does, I will not be entitled, nor will I ask, to withdraw my guilty plea. I further agree that regardless of the sentence that the Court imposes on me, I will not be entitled, nor will I ask, to withdraw my guilty plea. I agree that the Sentencing Guidelines offense level should be calculated as set forth below, and that I will not request a downward departure under the Sentencing Guidelines from that offense level, although I reserve the right to seek a downward variance based on the factors set forth in 18 U.S.C. § 3553(a). I understand that the government is free to oppose any such request. The parties have reached no agreement regarding my Criminal History Category.

    a. Base Offense Level, U.S.S.G. § 2B1.1:      6

    b. Specific offense characteristics under U.S.S.G. Ch. 2      + 14
       (More than $550,000, but less than or equal to $1,500,000)

    c. Acceptance of Responsibility:      - 3
       If I meet the requirements of U.S.S.G. § 3E1.1, I may be entitled to a three-level reduction for acceptance of responsibility, provided that I forthrightly admit my guilt, cooperate with the Court and the Probation Office in any presentence investigation ordered by the Court, and continue to manifest an acceptance of responsibility through and including the time of sentencing.

    d. Adjusted Offense Level:      17

8. I agree that regardless of any other provision of this Agreement, the government may and

PLEA AGREEMENT      5
CR 19-377 WHA

will provide the Court and the Probation Office with all information relevant to the charged offense and the sentencing decision, including Victim Impact Statements. I agree that, based on the nature of the offense, the Court should impose the following special condition of supervised release which is reasonably related to deterrence and rehabilitation:

> Special Condition (Searches)
> The defendant shall submit his person, residence, office, vehicle, electronic devices and their data (including cell phones, computers, and electronic storage media), and any property under defendant's control to a search. Such a search shall be conducted by a United States Probation Officer or any federal, state, or local law enforcement officer at any time, with or without suspicion. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

9. I agree that I will make a good-faith effort to pay any fine, forfeiture, or restitution I am ordered to pay. I agree to pay the special assessment at the time of sentencing.

I agree to pay full restitution for all losses caused by all the schemes or offenses with which I was charged in this case, and I understand that the amount of restitution will not be limited to the loss attributable to the count to which I am pleading guilty, pursuant to 18 U.S.C. § 3663(a)(3). I understand that the Court will not consider my economic circumstances in determining the restitution amount. I agree to pay restitution in the amount of $756,499.22, which represents costs incurred by Waymo and/or Google in the course of assisting the government's investigation and is not related to a calculation of the value of the technology at issue. I agree that those costs were reasonably incurred by Waymo and/or Google and that they are recoverable in restitution under the Mandatory Victims Restitution Act. The parties agree that this amount constitutes full restitution in this case.

Any restitution payments shall be paid through the Office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

I understand that the restitution described above creates a lien in favor of the United States on all property and rights to property I may possess upon entry of judgment and continues for the later of 20 years from the entry of judgment or 20 years after release from imprisonment or until the debt is paid in full. I further understand the government will record a notice of the lien in any county where I reside or have property. I further understand that this order of restitution cannot be discharged in bankruptcy and

PLEA AGREEMENT
CR 19-377 WHA

6

that if I default on the payment of a fine or restitution, the Court may revoke probation or a term of supervised release, modify the terms or conditions of probation or supervised release, resentence me, hold me in contempt of court, order the sale of property, enter or adjust a payment schedule, or take any other action necessary to obtain compliance.

Within thirty days of the execution of this Plea Agreement, if asked by the Financial Litigation Unit ("FLU") of the United States Attorney's Office, I agree to complete, under penalty of perjury, a financial statement provided by the U.S. Attorney's Office and to update that statement with material changes within seven days of the change. I understand that I must identify all assets and financial interests valued at more than $1,000. I further understand that these assets and financial interests include all assets and financial interests in which I have an interest, direct or indirect, whether held in my own name or in the name of another, in any property, real or personal.

I agree to surrender assets I obtained as a result of my crimes, and release funds and property under my control in order to pay any fine, forfeiture, or restitution. I further agree to notify the FLU before transferring any interest in property owned directly or indirectly by me, including any interest held or owned under any other name or entity, including trusts, partnerships, and/or corporations. I also agree to notify the FLU of any interest in property I may obtain, directly or indirectly, which is valued at more than $1,000, and which includes any interest obtained under any other name, or entity, including a trust, partnership, or corporation, after the execution of this Plea Agreement until the fine or restitution is paid in full.

I agree that any fine, forfeiture, or restitution imposed by the Court against me will be due immediately and subject to immediate enforcement by the government as authorized by 18 U.S.C. § 3613. I further understand that the government may seek immediate collection of the entire fine, forfeiture, or restitution from any assets without regard to any schedule of payments imposed by the Court or established by the Probation Office and that monetary penalties imposed by the Court will be submitted to the Treasury Offset Program so that any federal payment or transfer of returned property I receive may be offset and applied to federal debts.

10. I agree not to commit or attempt to commit any crimes before sentence is imposed or

PLEA AGREEMENT
CR 19-377 WHA

7

before I surrender to serve my sentence. I also agree not to violate the terms of my pretrial release; not to intentionally provide false information to the Court, the Probation Office, Pretrial Services, or the government; and not to fail to comply with any of the other promises I have made in this Agreement. I agree not to harass, annoy, or intimidate any witnesses in this case, either directly or indirectly, before and after I am sentenced. This includes, but is not limited to, personal contact, telephone, mail, or electronic mail contact, or any other written form of communication. I agree that the Court may also include this provision as a condition of my supervised release term. I agree that if I fail to comply with any promises I have made in this Agreement, then the government will be released from all of its promises in this Agreement, including those set forth in The Government's Promises Section below, but I will not be released from my guilty plea.

11. I agree that this Agreement contains all of the promises and agreements between the government and me, and I will not claim otherwise in the future. No modification of this Agreement shall be effective unless it is in writing and signed by all parties.

12. I agree that the Agreement binds the U.S. Attorney's Office for the Northern District of California only, and does not bind any other federal, state, or local agency.

The Government's Promises

13. The government agrees to move to dismiss any open charges pending against the defendant in the captioned Indictment at the time of sentencing.

14. The government agrees not to file any additional charges against the defendant that could be filed as a result of the investigation that led to the captioned Indictment.

15. The government agrees to support the Guidelines calculation set out in paragraph 7 and to recommend a sentence within the range associated with that calculation, unless the defendant violates the terms of the Agreement above or fails to accept responsibility.

The Defendant's Affirmations

16. I confirm that I have had adequate time to discuss this case, the evidence, and the Agreement with my attorney and that my attorney has provided me with all the legal advice that I requested.

17. I confirm that while I considered signing this Agreement, and at the time I signed it, I was not under the influence of any alcohol, drug, or medicine that would impair my ability to understand the Agreement.

18. I confirm that my decision to enter a guilty plea is made knowing the charge that has been brought against me, any possible defense, and the benefits and possible detriments of proceeding to trial. I also confirm that my decision to plead guilty is made voluntarily, and no one coerced or threatened me to enter into this Agreement.

Dated: 3/19/20

ANTHONY SCOTT LEVANDOWSKI
Defendant

DAVID L. ANDERSON
United States Attorney

Dated: 03/19/2020

AMIE D. ROONEY
KATHERINE L. WAWRZYNIAK
ANDREW F. DAWSON
Assistant United States Attorneys

19. I have fully explained to my client all the rights that a criminal defendant has and all the terms of this Agreement. In my opinion, my client understands all the terms of this Agreement and all the rights my client is giving up by pleading guilty, and, based on the information now known to me, my client's decision to plead guilty is knowing and voluntary.

Dated: 3/19/2020

MILES EHRLICH
ISMAIL RAMSEY
Attorneys for Defendant

PLEA AGREEMENT
CR 19-377 WHA

9